IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


UNITED STATES OF AMERICA     (    3:06-CR-369-R
                                   (
VERSUS                           (    DALLAS, TEXAS
                                   (
RONALD C. PEARSON           (    MAY 29, 2007


TRANSCRIPT OF REARRAIGNMENT
BEFORE THE HONORABLE PAUL D. STICKNEY,
UNITED STATES MAGISTRATE JUDGE



A P P E A R A N C E S:

For the Government:
                   PAUL YANOWITCH
                   Assistant United States Attorney
                   UNITED STATES DEPARTMENT OF JUSTICE
                   NORTHERN DISTRICT OF TEXAS
                   U.S. Courthouse, Room 300
                   1100 Commerce Street
                   Dallas, Texas  75242-1699
                       214-659-8600


For the Defendant:
                   RANDY TAYLOR
                   1885 FM 514
                   Yantis, Texas  75497
                       214-747-8794


Court Reporter:
                   RANDY M. WILSON
                   1100 Commerce, Room 1625
                   Dallas, Texas  75242
                       214-766-9150


RANDY M. WILSON, CSR
U.S. DISTRICT COURTS

1                     P R O C E E D I N G S:

2           (Held in conjunction with other proceedings.)

3              THE COURT:  If I could have you just step to one

4    side, if you would, and I'll call the next case, which is

5    United States of America versus Ronald C. Pearson.

6         This is Case Number 3:06-CR-369-R.

7         For the government?

8              MR. YANOWITCH:  Paul Yanowitch for the

9    government, Your Honor.

10             THE COURT:  And Mr. Taylor?

11             MR. TAYLOR:  Yes, sir.

12             THE COURT:  For Mr. Pearson?

13             MR. TAYLOR:  Yes, sir.

14             THE COURT:  Mr. Pearson, this is the time and

15   place set for a plea of guilty to the charge contained in

16   count 1 of the indictment.

17        Is that your understanding?

18             DEFENDANT PEARSON:  Yes, it is.

19             THE COURT:  Raise your right hand, please.

20              RONALD C. PEARSON, DEFENDANT, SWORN

21             THE COURT:  Please state your full name for the

22   record.

23             DEFENDANT PEARSON:  Ronald Camron Pearson.

24             THE COURT:  Do you understand that you are now

25   under oath and if you answer any of my questions falsely you

1    could be later charged with perjury or making a false

2    statement?

3              DEFENDANT PEARSON:  Yes, I understand that.

4              THE COURT:  Do you read, write, and understand

5    the English language?

6              DEFENDANT PEARSON:  Yes, I do.

7              THE COURT:  How old are you, sir?

8              DEFENDANT PEARSON:  60.

9              THE COURT:  What's your date of birth?

10             DEFENDANT PEARSON:  XXXXXX XXX, XXXX.

11             THE COURT:  In the last six months have you been

12   under the care of a physician or a psychiatrist?

13             DEFENDANT PEARSON:  Yes, I have.

14             THE COURT:  Are you on any medication at the

15   current time?

16             DEFENDANT PEARSON:  Yes, I am.

17             THE COURT:  And what type of medication is that?

18             DEFENDANT PEARSON:  I'm taking Effexor, 150

19   milligrams for depression.  I'm also taking Lisinopril for

20   high blood pressure; Gemfibrozil for cholesterol; and

21   Clozaprine for anti-anxiety.

22             THE COURT:  All right.  Now, anything about that

23   medication that causes you difficulty in understanding what

24   you're doing here today?

25             DEFENDANT PEARSON:  No.

Page 4

1          THE COURT:  Do you feel that you are of sound

2  mind?

3          DEFENDANT PEARSON:  Yes, I do.

4          THE COURT:  Counsel, any reasonable to believe

5  that Mr. Pearson is not fully competent to enter a plea of

6  guilty?

7          MR. TAYLOR:  No, sir.

8          THE COURT:  Do you believe the plea of guilty that

9  he is proposing to make would be a knowing and voluntary

10  plea?

11          MR. TAYLOR:  Yes -- yes, sir.

12          THE COURT:  All right.

13      Mr. Pearson, I'm -- I'm going -- and, Mr. Gibson, I'm

14  going to go over your constitutional rights.  But first I'm

15  going to go over your consent to proceed before me here

16  today.

17      Now, I inform each of you that you have right to enter

18  your guilty pleas before the United States District Judge

19  assigned to your case.  That's Judge Buchmeyer.  However,

20  you may consent and proceed before me, a United States

21  Magistrate Judge.

22      If you do so I would then enter findings and a

23  recommendation to Judge Buchmeyer that he accept or reject

24  your pleas of guilty.

25      You would have the right to file objection to those

Page 5

1    findings.  And you would have ten days to do so.

2        In each of your cases I have a signed consent form.

3        Mr. Gibson, this is yours.

4        Did you read this before you signed it?

5            DEFENDANT GIBSON:  Yes, I did.

6            THE COURT:  And did you go over it with counsel?

7            DEFENDANT GIBSON:  Yes, I did.

8            THE COURT:  And do you wish to consent and proceed

9    before me with your plea of guilty today?

10           DEFENDANT GIBSON:  I do.

11           THE COURT:  All right.

12       This is yours, Mr. Pearson?

13           DEFENDANT PEARSON:  That's correct.

14           THE COURT:  Did you read this before you signed

15   it?

16           DEFENDANT PEARSON:  Yes, I did.

17           THE COURT:  And you went over it with Mr. Taylor?

18           DEFENDANT PEARSON:  Yes.

19           THE COURT:  And you also wish to consent and

20   proceed before me with your plea of guilty today?

21           DEFENDANT PEARSON:  Yes, I do.

22           THE COURT:  All right.

23       I order in each of the cases that the consent forms be

24   filed.

25           Now I'm going to go over your constitutional rights.

1    And these are very important rights so I want you to pay

2    close attention.

3         You may, if you choose, plead not guilty to any offense

4    that's been charged against you.  And you may persist in

5    that plea if it has already been made.

6         If you enter a plea of not guilty the Constitution of

7    the United States guarantees to you each of the following

8    rights:

9         You have the right to a speedy and public trial by a

10   jury in this District.

11        You have the right at such a trial to confront, that

12   is, to see, hear, and cross-examine all witnesses against

13   you.

14        You have the right to use the power and the process of

15   the court to compel the production of evidence including the

16   attendance of any witnesses in your favor.

17        And you have the right to have the assistance of an

18   attorney in your defense at all stages of the proceedings.

19   And, if necessary, an attorney would be appointed to

20   represent you if you did not have or could not afford such

21   an attorney.

22        At such a trial you could not be compelled to

23   testify -- to testify.  And whether or not you did decide to

24   testify would be a matter upon which your judgment alone

25   would control.

1      At such a trial the United States would be required to

2  prove your guilt beyond a reasonable doubt.

3      And if you were found guilty you would have the right

4  to appeal your conviction.

5      Mr. Gibson, did you understand each of my explanations

6  of your constitutional rights?

7          DEFENDANT GIBSON:  Yes, sir.

8          THE COURT:  And, Mr. Pearson, did you?

9          DEFENDANT PEARSON:  Yes, I did.

10         THE COURT:  On the other hand, if you enter a plea

11 of guilty and such a plea is accepted by Judge Buchmeyer

12 there will not be a further trial of any kind.  So that by

13 entering a plea of guilty you would be waiving your right to

14 a trial as well as those other rights associated with a

15 trial as I have described them.

16     Generally, a defendant who's accused of a crime cannot

17 plead guilty unless he is actually guilty of that crime.

18     In federal court the judge determines the penalty

19 whether the conviction is by way of a plea of guilty or upon

20 a verdict of a jury.

21     The court has not and will not talk to anyone about the

22 facts of your case except in your presence where you, your

23 attorney, and representatives of the government are all

24 present.

25     If you should be convicted you and your attorney each

1    will be given an opportunity to present to Judge Buchmeyer

2    any pleas for leniency.

3        The penalty will be decided based upon the facts heard

4    in front of Judge Buchmeyer.

5        You should never depend or rely upon any statement or

6    promise of anyone whether connected with a law enforcement

7    agency, the government, or anyone else as to what the

8    penalty will be in your case.

9        The sentencing is entirely up to Judge Buchmeyer.

10       Should you decide to plead guilty your plea of guilty

11   must not be induced or prompted by any promises, pressure,

12   threats, force, or coercion of any kind.

13       A plea of guilty must be purely voluntary and you

14   should plead guilty only because you are guilty and for no

15   other reason.

16       Mr. Pearson, did you understand each of my explanations

17   about pleading guilty?

18            DEFENDANT PEARSON:  Yes, I did.

19            THE COURT:  Mr. Gibson, did you?

20            DEFENDANT GIBSON:  Yes, sir.

21            THE COURT:  Now, have each of you discussed with

22   your attorneys how the sentencing guidelines would apply in

23   your case?

24       Mr. Pearson?

25            DEFENDANT PEARSON:  Yes.

Page 9

1          THE COURT:  Mr. Gibson?

2          DEFENDANT GIBSON:  Yes, sir.

3          THE COURT:  Now, even though you've discussed that

4     with counsel I am required to inform you that under the

5     Sentencing Reform Act of 1984 the United States Sentencing

6     Commission has issued guidelines for judges to follow in

7     each criminal case.  Those guidelines have now been

8     determined to be advisory.

9          Even so, the court is required to consider any

10    applicable guidelines but may depart from those guidelines

11    as long as the judge does so reasonably.

12         The court is not bound by facts that are stipulated

13    between you and your attorney on the one hand and the

14    government on the other.

15         The court may impose punishment that could disregard

16    stipulated facts or take into account facts not mentioned in

17    those stipulations.  You may not be permitted to withdraw

18    your pleas of guilty in such an event.

19         The court will not be able to determine the guideline

20    sentence for your case until after a presentence report has

21    been prepared and you and the government have had an

22    opportunity to challenge the facts and the conclusions

23    reported by the probation officer.

24         You have the right to appeal the sentence that the

25    court imposes unless you waive that right.

1     Under some circumstances the government also has a

2  right to appeal.

3     Parole has been abolished.  If you are sentenced to

4  prison you will not be released on parole.

5     Mr. Pearson, did you understand each of my explanations

6  about sentencing?

7           DEFENDANT PEARSON:  Yes, I did.

8           THE COURT:  Mr. Gibson, did you?

9           DEFENDANT GIBSON:  Yes, sir.

10          THE COURT:  All right.

11     Mr. Pearson, I'm going to ask you and Mr. Taylor to go

12  ahead and have a seat and I'm going to continue on with

13  Mr. Gibson -- Gibson's case.

14          (Other proceedings not requested held.)

15         (Continuing with Defendant Pearson's proceeding.)

16          THE COURT:  Mr. Taylor, and Mr. Pearson, if you

17  would come back up, please.

18          MR. TAYLOR:  Yes, sir.

19          THE COURT:  Now, again, it is my understanding

20  that Mr. Pearson is pleading guilty to count 1 of the

21  indictment.

22     Mr. Pearson, have you received a copy of this

23  indictment?

24          DEFENDANT PEARSON:  Yes, I have.

25          THE COURT:  Have you read it?

1          DEFENDANT PEARSON:  Yes.

2          THE COURT:  Do you understand what it says that

3   you did?

4          DEFENDANT PEARSON:  Yes, I do.

5          THE COURT:  Now, I could have the government read

6   it out loud if you wish, but seeing as you understand what

7   you are charged with I will allow you to waive the reading.

8       Do you wish to waive the reading?

9          DEFENDANT PEARSON:  Yes, please.

10          THE COURT:  Even though you've the reading of the

11   indictment I am required to go over the essential elements

12   that the government would have to prove to a jury beyond a

13   reasonable doubt before you could be found guilty.

14       I want you to pay close attention to these essential

15   elements because after these are read into the record I'm

16   going to ask you if you admit to committing each of these.

17          MR. YANOWITCH:  Yes, Your Honor.

18       Count 1, receipt of child pornography through

19   interstate or foreign commerce, a violation of 18 USC

20   Section 2252(A) Subsection (a)(2).

21       First, the defendant knowingly received one or more

22   matters containing visual depictions of a minor engaged in

23   sexually explicit conduct.

24       Second, the defendant knew that the visual depictions

25   contained in each of these matters showed a minor engaged in

1   sexually explicit conduct.

2       Third, that the matters containing visual depictions of

3   a minor engaged in sexually explicit conduct had been

4   transported in interstate commerce by any means including by

5   computer.

6       And, fourth, production of these visual depictions

7   involved the use of a minor engaged in sexually explicit

8   conduct.

9           THE COURT:  Mr. Pearson, do you understand that

10  those are the essential elements that the government would

11  have to prove to a jury beyond a reasonable doubt before you

12  could be found guilty of this offense?

13          DEFENDANT PEARSON:  Yes, I understand that.

14          THE COURT:  And do you admit to committing each of

15  those?

16          DEFENDANT PEARSON:  Yes.

17          THE COURT:  Now, you have Mr. Taylor appearing

18  here today with you as your attorney.  I know that you've

19  discussed the sentencing guidelines.  Have you also

20  discussed with Mr. Taylor the facts and circumstances

21  surroundings these charges?

22          DEFENDANT PEARSON:  Yes, we have.

23          THE COURT:  And are you fully satisfied with the

24  advice and the representation that he's given to you in this

25  matter?

1          DEFENDANT PEARSON:  Yes.

2          THE COURT:  Okay.

3       Mr. Taylor, does the willingness of your client to

4    plead guilty result from plea negotiations with the

5    government that have in turn resulted in a plea agreement?

6          MR. TAYLOR:  Yes, sir.

7          THE COURT:  I do have a document entitled plea

8    agreement here in front of me.  And it is seven pages long

9    and has the signature of Mr. Pearson as well as Mr. Taylor

10   and the government on the last page.

11      Is that your signature, sir?

12         DEFENDANT PEARSON:  Yes, it is.

13         THE COURT:  And you read this before you signed

14   it?

15         DEFENDANT PEARSON:  Yes, I did.

16         THE COURT:  And are you asking that Judge

17   Buchmeyer accept this plea agreement?

18         DEFENDANT PEARSON:  Yes, I am.

19         THE COURT:  Did you voluntarily and of your own

20   free will enter into this plea agreement?

21         DEFENDANT PEARSON:  Yes.

22         THE COURT:  Are all the terms of your agreement

23   with the government contained in this document?

24         DEFENDANT PEARSON:  I believe so, yes.

25         THE COURT:  Outside of this written plea agreement

Page 14

1  has anybody made any promise or assurance to you of any kind

2  in an effort to get you to plead guilty here today?

3         MR. TAYLOR:  No.

4         DEFENDANT PEARSON:  No.

5         THE COURT:  Has anyone mentally, physically, or in

6  any other way attempted to force you to plead guilty?

7         DEFENDANT PEARSON:  No.

8         THE COURT:  Do you understand that if your guilty

9  plea is accepted by Judge Buchmeyer you will be adjudged

10  guilty of count 1 of the indictment and your punishment will

11  be assessed somewhere within the range of punishment

12  provided by statute?

13         DEFENDANT PEARSON:  Yes.

14         THE COURT:  I'm going to summarize this plea

15  agreement into the record, but if I skip over something

16  that's in here you know that it's already in here because

17  you've read this.  So I'm just going to summarize it.  The

18  written document controls.

19     Page 1 talks about your rights that we went over here

20  this morning and you waive those rights and plead guilty to

21  count 1 of the indictment.

22     The maximum penalties the court can impose includes as

23  follows:

24     A term of imprisonment for a period of not less than

25  five years and not more than 20 years.

Page 15

1       A fine not to exceed $250,000 or twice any gain to

2   yourself or loss to any victim.

3       A term of supervised release of any term of years or

4   life which may be mandatory under the law.

5       Now, if you violated any of the conditions of

6   supervised release you could be imprisoned for periods of

7   not more than two years at a time for those violations.

8       A mandatory special assessment of $100 will be imposed.

9       And restitution will be ordered, if appropriate, under

10  the Mandatory Restitution Act.

11      Plus, you could be required to pay costs of

12  incarceration and supervision.

13      And you are a citizen of the United States?

14          DEFENDANT PEARSON:  That's correct.

15          THE COURT:  And the offense to which you are

16  pleading guilty is a felony.  And conviction of a felony may

17  deprive you of valuable rights of citizenship, such as the

18  right to vote, to hold public office, to serve on a jury, to

19  possess a firearm, and other such rights.

20      In addition to that, you would be required to register

21  as a sex offender on top of everything else.

22      Do you understand that you are facing all of this

23  punishment by pleading guilty?

24          DEFENDANT PEARSON:  Yes, I am.

25          THE COURT:  And do you understand that if the

1  sentence is more severe than you anticipate you'll still be

2  bound by your plea of guilty and have no right to withdraw

3  it?

4          DEFENDANT PEARSON:  Yes, sir.

5          THE COURT:  Okay.

6      Sentencing is up to the judge.  You'll pay the $100

7  mandatory special assessment in paragraph 5.  You'll

8  cooperate by giving truthful and complete information to the

9  government including a financial statement.  And that's so

10 Judge Buchmeyer can determine whether or not to impose a

11 fine and if there was restitution how to structure it.

12     Now, the government may in its sole discretion file a

13 motion for downward departure pursuant to 5K1 of the

14 sentencing guidelines.  Now, that is totally up to the

15 government whether or not to file that motion.

16     Do you understand?

17         DEFENDANT PEARSON:  Yes, I do.

18         THE COURT:  If you violate this agreement you have

19 no agreement.

20     You've waived your right to appeal or otherwise

21 challenge your sentence including bringing habeas corpus

22 petitions.  However, you have reserved the right to bring a

23 direct appeal of a sentence that exceeds the statutory

24 maximum, arithmetic errors at sentencing, to challenge the

25 voluntariness of your plea of guilty or this waiver, and to

 1    bring a claim of ineffective assistance of counsel.

 2         You've also -- do you understand you have the right to

 3    appeal or otherwise challenge your sentence?

 4              DEFENDANT PEARSON:  Yes.

 5              THE COURT:  And you wish to waive those rights

 6    except in these limited circumstances?

 7              DEFENDANT PEARSON:  Yes, Your Honor.

 8              THE COURT:  All right.  Now, you've also agreed to

 9    forfeit the property that was confiscated in paragraph 11.

10              DEFENDANT PEARSON:  Yes.

11              THE COURT:  All right.  I order the plea agreement

12    to be filed in this matter.

13         Now, I'll ask you one more time:  Mr. Pearson, do you

14    need me to go over any aspect of this punishment?

15              DEFENDANT PEARSON:  No, Your Honor.

16              THE COURT:  All right.

17         Having heard all the foregoing then how do you plead to

18    count 1 of the indictment, guilty or not guilty?

19              DEFENDANT PEARSON:  I plead guilty, Your Honor.

20              THE COURT:  All right.  Thank you, sir.

21         Your guilty plea will be entered.  And I will recommend

22    that Judge Buchmeyer accept it on the condition that there

23    is a factual basis to support the plea.

24         I have a factual resume here in front of me.  I

25    reviewed it this morning.  It is three pages -- sorry, four

1   pages long.  And it has the signature of yourself as well as

2   Mr. Taylor and Mr. Yanowitch on the last page.

3       Did you read this before you signed it?

4           DEFENDANT PEARSON:  Yes, Your Honor.

5           THE COURT:  And is that your signature that

6   appears there?

7           DEFENDANT PEARSON:  Yes, it is.

8           THE COURT:  Are the facts as stated in the factual

9   resume true facts?

10          DEFENDANT PEARSON:  They are, Your Honor.

11          THE COURT:  Now, there's a couple of changes to it

12  that I -- I'll note.

13      One says June 2003 but you put 2004 and you initialed

14  RP.  Those are your initials?

15          DEFENDANT PEARSON:  Yes.

16          THE COURT:  And you made that change.

17      And then Creekmoore Drive was changed to Creekmere

18  Drive.

19          DEFENDANT PEARSON:  That's a former address, yes.

20          THE COURT:  Okay.

21      Other than that all these facts are true?

22          DEFENDANT PEARSON:  Yes.

23          THE COURT:  Are they consistent with the true

24  facts that your investigation has shown, Mr. Taylor?

25          MR. TAYLOR:  Yes, sir.

1          THE COURT:  All right.  I order the factual resume
2     to be filed.

3         Now, I could have it read out loud, but if you wish I
4     can -- I can waive that reading.

5          DEFENDANT PEARSON:  That's all right.  It's not
6     necessary.

7          THE COURT:  All right.  The court being satisfied
8     then with the responses given in the case of United States
9     of America verses Ronald C. Pearson, Case Number
10    3:06-CR-369-R, the court finds that Mr. Pearson is fully
11    competent of entering an informed plea and his plea of
12    guilty is recommended to be accepted by Judge Buckmeyer.
13    And if it is he will be adjudged guilty of this offense.

14     (Coughing.)  Excuse me.  The court finds that the plea
15    of guilty is a knowing and voluntary plea containing each of
16    the essential elements of the offense as charged by count 1
17    of the indictment.  It is recommended that his plea of
18    guilty be accepted by Judge Buckmeyer.  And if it is he will
19    be adjudged guilty of this offense.

20        I've entered my findings, Mr. Pearson, and these
21    findings are basically recommending to -- Mr. Taylor, if you
22    could grab those from Tannica.

23          MR. TAYLOR:  Yes, sir.

24          THE COURT:  These findings are basically
25    recommending to Judge Buchmeyer that he accept your plea of

Page 20

1    guilty.

2        You do have ten days in which to file any objection to

3    those findings if you have any objection.

4              DEFENDANT PEARSON:  Very well.

5              THE COURT:  Now, sentencing in this case is set

6    for August 24th, 2007.

7              MR. TAYLOR:  Your Honor, may it please the court?

8              THE COURT:  Yes, sir.

9              MR. TAYLOR:  I turn 66 on August 21st and I've got

10   an important engagement in Las Vegas.

11             THE COURT:  Okay.  Just get with Tannica and

12   she'll move it for you.

13             MR. TAYLOR:  Yes, sir.

14             THE COURT:  And she'll move the date.

15             MR. TAYLOR:  Thank you, sir.

16             THE COURT:  But she's got all the scheduling for

17   Judge Buckmeyer.

18             MR. TAYLOR:  Thank you.

19             THE COURT:  And it won't be a problem.

20       All right.  Sentencing is set and it -- it will be set

21   some time probably in September.

22             MR. TAYLOR:  All right.

23             DEFENDANT PEARSON:  That's fine.

24             THE COURT:  All right.  And a presentence report

25   due date, September 14th at one o'clock is when it's going

Page 21

1    to be set to.

2              MR. TAYLOR:  I'm sorry, sir, would you --

3              THE COURT:  September 14th, one o'clock p.m.

4              MR. TAYLOR:  Thank you, sir.

5              THE COURT:  Now, what happens now is you and

6    Mr. Taylor are going to go to Probation and set up an

7    appointment to start this presentence interview.  Your

8    degree of cooperation in this interview process could be a

9    factor in the severity of your sentence.

10        Mr. Taylor, as you already know, is very well-versed in

11   criminal procedure and the sentencing guidelines and he's

12   going to be with you during that interview to make sure

13   everything runs smoothly for you.

14             DEFENDANT PEARSON:  Fine.

15             THE COURT:  All right.

16        What other matters shall we address as far as the

17   government's concerned?

18             MR. YANOWITCH:  None, Your Honor.

19             THE COURT:  Any reason why the conditions of

20   release should not continue?

21             MR. YANOWITCH:  No, Your Honor.

22             THE COURT:  All right.  I'm ordering you released

23   then.  And I set conditions on you, didn't I, Mr. Pearson?

24             MR. TAYLOR:  Yes, sir.

25             THE COURT:  So I'm going to order those conditions

Page 22

1  to continue.  And you be careful while you're out, because

2  if you do anything wrong now all you're going to do is show

3  Judge Buchmeyer you can't be trusted.

4          DEFENDANT PEARSON:  I'm not planning on doing

5  anything wrong, Your Honor.

6          THE COURT:  I know.  All right.  Just be careful.

7     Good luck to you, sir.

8          DEFENDANT PEARSON:  Thank you very much.

9          THE COURT:  All right.  Anything else?

10         MR. TAYLOR:  That's it, sir.

11         THE COURT:  Thank you.

12         MR. YANOWITCH:  Nothing from the government, Your

13  Honor.

14         THE COURT:  Thank you.

15     We stand adjourned.

16              (End of proceeding.)

17

18

19

20

21

22

23

24

25

CERTIFICATION

1

2

3                    C E R T I F I C A T I O N

4

5

6

7      I, RANDY M. WILSON, CSR, certify that at the time of

8  electronic filing the foregoing is a transcript from the

9  record of the proceedings in the foregoing matter.

10

11      I further certify that the transcript fees format comply

12  with those prescribed by the Court and the Judicial

13  Conference of the United States.

14

15          This the 24th day of July, 2009.

16

17

18
                            s/RANDY M. WILSON
19                          _____

20
                            RANDY M. WILSON, CSR
21                          Official Court Reporter
                            The Northern District of Texas
22                              Dallas Division

23

24

25