ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 9 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RONALD C. PEARSON,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　Criminal Case No. 3:06-CR-369-R<br>§<br>§<br>§<br>§ |

### MEMORANDUM OF LAW
### IN SUPPORT OF VERIFIED MOTION AND REQUEST
### FOR MODIFICATION OF TERMS OF SUPERVISED RELEASE

## I.

### INTRODUCTION

Defendant Ronald C. Pearson is a 62 year old man who, between the years 1985 and his arrest in 2006, made a modest living as an Antiquarian Book, Document and Photograph seller. Occasionally he worked part time as a substitute teacher and also as a registered nurse at Charter Hospital of Plano serving almost exclusively adult patients. Except for this instant case, Mr. Pearson has a completely clean record.

After his arrest, defendant provided substantial assistance which resulted in the conviction of Mickey Lee George who used Pearson's computer to search the internet for underaged images and then capture them onto CDs.

Ninety percent (90%) of the time George's activities occurred in Pearson's absence. Pearson told George in no uncertain terms not to spend so much time surfing the internet and to remove egregious images from Pearson's computer and CDs. George did remove offensive images from Pearson's computer, but failed to remove them from the CDs.

These facts do not excuse Pearson's violation of the law in the receipt of child pornography. In order to correct his conduct, Pearson received sex offender treatment from December 2006 through December 2007 in both private therapy and 1½ hour group therapy sessions at the offices of Dr. Franklin Lewis in Dallas. While at the Seagoville Federal Treatment Center, Pearson has completed the 6 week Victim Impact program and is currently enrolled in the one (1) year Sex Offender Management Program.

He seeks guidance and clarification to what his obligations are upon release and asks the Court to make appropriate modifications of his existing terms of supervised release.

## II.

### JURISDICTION

The Court has jurisdiction to modify his sentence including the conditions of his supervised release under 18 U.S.C. § 3583 generally and §3583(e)(2), which reads in pertinent part:

> "The Court may, after considering the factors set forth in section 3553 .... extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge

the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modifications of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

Indeed section § 3583(f) speaks to the need to provide a guide for defendant's conduct and for such supervision as is required in a particular case. U.S. v. Felix, 994 F.2d 550 (8th Cir. 1993).

### III.

### DISCUSSION

#### A.
#### Caselaw Supports the Exercise of Judicial Discretion in Just Circumstance

Federal Courts in all Circuits, faced with reasonable arguments in support of requests for modification, have changed the period, terms and conditions of supervised release. The term of supervised release that is subject to modification or termination pursuant to 18 U.S.C. § 3583(e) is the term originally imposed by the Courts. U.S. v. Krabbenhoft, 998 F.2d 591 (8th Cir. 1993). 18 U.S.C. § 3583(e) requires consideration of enumerated subsections of 18 U.S.C. § 3583(a) and consideration of other pertinent factors. U.S. v. Williams, 443 F.3d 35 (2nd Cir. 2006).

The length of a defendant's term of supervised release is part of his sentence, not a condition of his supervised release. U.S. v. Cope, 506 F.3d 908, 909 (9th Cir. 2007). In addition, a district judge's wide discretion in formulating the terms of supervised release is limited by the requirement that the conditions be reasonably related to the statutory factors to be considered in

imposing a sentence, involve no greater deprivation of liberty than is reasonably necessary, and are consistant with any pertinent policy statements issued by the United States Sentencing Commission. 18 U.S.C.A. § 3553(a). <u>U.S. v. Levering</u>, 441 F.3d 566, 567 (8th Cir. 2006). The "cruel and unusual punishments" clause of the 8th Amendment prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. <u>Solem v. Helm</u>, 463 U.S. 277, 284 (1983). See also <u>Gonzalez v. Duncan</u>, 551 F.3d 875, 879 (9th Cir. 2008).

Moreover, a district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence. See <u>United States v. Crisp</u>, 454 F.3d 1285, 1292 (11th Cir. 2006), citing <u>United States v. Rattoballi</u>, 452 F.3d 127, 137 (2d Cir. 2006); <u>United States v. Ture</u>, 450 F.3d 352, 358-59 (8th Cir. 2006); <u>United States v. Hampton</u>, 441 F.3d 284, 288-89 (4th Cir. 2006); <u>United States v. Cage</u>, 451 F.3d 585 (10th Cir. 2006) ; accord <u>United States v. Ward</u>, 506 F.3d 468, 478 (6th Cir. 2007). Likewise, "[a] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors [or] fails to consider pertinent section 3553(a) factors." <u>Ward</u>, 506 F.3d at 478. <u>U.S. v. Pugh</u>, 515 F.3d 1179, 1191-1192 (11th Cir. 2008).

A sentence must be supported by the totality of the relevant factors enumerated in §3553(a). <u>U.S. v. Armendariz</u>, 451 F.3d 352, 358-359 (5th Cir. 2006). See also <u>U.S. v. Duhon</u>, 440 F.3d 711, 714 (5th Cir. 2006). A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors where it: (1) does not

-4-

account for a factor that should have received significant weight; (2) gives significant weight to an irrelevant or improper factor; or (3) represents a clear error of judgment in balancing the sentencing factors. 18 U.S.C.A. § 3553(a). U.S. v. Willingham, 497 F.3d 541 (5th Cir. 2007).

Concerning the issue of disparity, Congress did aim to reduce the unwarranted disparity in sentencing for like crimes and criminals. See United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.) cert. denied, 502 U.S. 969, 112 S.Ct. 441, 116 L.Ed.2d 460 (1991); United States v. Carr, 932 F.2d 67, 73 (1st Cir.), cert. denied, 502 U.S. 834, 112 S.Ct. 112, 116 L.Ed.2d 82 (1991). "Uniformity aside, the basic requirement of rationality remains." U.S. v. Saez, 444 F.3d 15, 19 (1st Cir. 2006). The sentencing court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." U.S. v. McMutuary, 217 F.3d 477, 484 (7th Cir. 2000) citing Koon v. U.S., 518 US 81, 106-107 (1996). A Court must make a "comparison between the conduct of the defendant and the conduct of other offenders." U.S. v. Thompson, 315 F.3d 1071, 1074 (9th Cir. 2002) citing Koon, 518 US at 104-05.

With respect to a challenge of a special condition of supervision that prohibited the possession of "all forms of pornography including legal pornography," the 3rd Circuit in U.S. v. Loy, 237 F.3d 251, 261 (3rd Cir. 2001), struck down the condition as vague and ambiguous. There the 3rd Circuit explained that "without a more definitive standard to guide the probation officer's discretion, there is a real danger that the prohibition of

pornography may ultimately translate to a prohibition of whatever the officer personally finds titillating."

A probation condition that the defendant, who had pled guilty to sexual misconduct with a minor, was prohibited from possessing or viewing any pornographic or sexually explicit material, including books, magazines, computer images, Internet files, photographs, videocassette recorder (VCR) cassettes, film, or other materials, was unreasonably vague, the Court held in <u>Foster v. State</u>, 813 N.E.2d 1236 (Ind. Ct. App. 2004), in that the condition did not define "sexually explicit" or "pornographic," so that the condition was <u>not sufficiently clear</u> to inform the defendant of what conduct would result in being returned to prison.

Finally, concerning the issue of computer monitoring, the 2nd Circuit in <u>U.S. v. Lifshitz</u>, 369 F.3d 173 (2nd Cir. 2004) held that a defendant's status as one convicted of receiving child pornography over the Internet did not alone provide the Government with a reasonable suspicion that he would use his computer to engage in a child pornography offense, so as to permit computer monitoring condition imposed as a condition of probation.

B.

<u>Defendant Respectfully Requests the Court to Alter the Terms of Standard Conditions of Supervised Release Numbers 1, 9, 12, 13.</u>

Defendant will be almost 66 years old when released from prison. He faces considerable difficulties in functioning in society — despite the fact that there exists no evidence whatever

of likely recidivism. He needs to supplement his meager resources and make a living. He wishes to pursue his lifelong interest in the acquisition and sale of antiquities. In that capacity he needs to be able to travel regularly for business purposes to acquire rarities and continue his knowledge and education in this specialized field.

In addition, Pearson is a religious man, a Christian who feels deep remorse for his lapse of judgment. As such, he would like to be able to continue to contact Christian brothers in prison and provide whatever emotional and social support he can. Further, he would like, upon his release, to continue his previous pattern of assistance to the Government in the role of informer.

Finally, with respect to condition 13, notification of Pearson's customers or business contacts or employers will simply ruin any business opportunity whatever and will have the practical effect of reducing Pearson to living off welfare.

In sum, Pearson asks the Court to amend its standard conditions 1, 9, and 12 to include suitable language to the effect that such "permission will not be unreasonably withheld." Concerning standard condition #13, defendant respectfully requests the Court to clarify the current court order so that the probation department will not call, contact and notify Pearson's business contacts, clientele and employers of his one felony conviction.

## C.

### Defendant Respectfully Requests the Court to Alter and Amend the Terms and Special Conditions of Supervised Release Numbers 1, 2, 3, 5, 7, 8.

Defendant has voluntarily undergone a full year of private weekly sex offender therapy prior to his conviction at his own considerable expense. While incarcerated he participates in the BOP's additional Sex Offender Management Program. He will of course abide by any court order; however, he believes that any additional participation post release would be prohibitively expensive, redundant and a greater deprivation of liberty than is reasonably necessary to protect the public. Again there is simply no evidence that Pearson is a candidate for recidivism. Thus, he requests the Court delete special condition 1.

Defendant argues that his collection of illegal images during a small intermittant segment of his life provides no reasonable inference that he has or would inappropriatly have physical contact with a minor. In fact, he posits (without excusing his actual criminal conduct) that his specific choice of the "image genre" was a direct rejection of alternate inappropriate conduct as demonstrated by his complete personnel records as both a registered nurse and teacher. He asks this special condition 2 be deleted or amended.

Regarding special condition No. 3, the defendant argues that the prohibition against possession of legal adult pornography or stimulating sexual imagery or themes is vague, ambigious, and actually unrelated to the protection of the public. Under these undefined terms, viewing Lana Turner in the beach scene in "From

Here to Eternity," Elizabeth Taylor in "Anthony and Cleopatra," Jane Russell's seduction scene in the movie "Outlaw," Dolly Parton's musical, "The Best Little Whorehouse in Texas" or even the comparatively benign "Playboy" magazine could be violations resulting in return to prison.

In addition, the restriction is simply not based on any proven caused connection between the normal viewing by men of sexual materials as an inducement to commit a sex offense concerning children. As the Third Circuit stated in United States v. Matthews, "[f]actual matters considered as a basis for sentence must have 'some minimal indicium of reliability beyond mere allegation.'" 773 F.2d 48, 51 (3d Cir. 1985) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir. 1982)).

In United States v. Voelker, 489 F.3d 139, 81 CrL 353 (3d Cir. 2007), the Third Circuit held that sentencing judges considering imposition of a restriction on offender's access to adult pornography must balance legitimate sentencing goals "against the serious First Amendment concerns endemic in such a restriction." The Voelker court struck down a lifetime ban on access to sexually explicit material where there was no clear connection between the offender's viewing of sexually explicit adult behavior and his possession of child porn or the goals of supervised release. Petitioner submits that at 66, he should be allowed to pursue normal sexual expression under the 1st Amendment including viewing materials with legal adult sexual content. He requests that condition No. 3 be deleted.

Closely related to paragraph 3 is the prohibition in condition 5 against dating a woman with children without prior permission

from the probation officer. Defendant wants to make every effort to find a spouse. Injecting the probation office into the equation means that, as a practicality, defendant will not be allowed the opportunity to lead a normal sex life for the rest of his entire existance. Surely this is not what the 1st Amendment nor the due process clauses of the 5th and 6th Amendment intended.

It is also significant to note that the related prosecution of Mickey Lee George (the actual operator of the equipment which reproduced the images onto CDs) held forth <u>no</u> similar prohibitions as to dating, conditions of employment, or access to adult material. George's lesser sentence of imprisonment combined with the short period and lesser content of the special conditions of supervision, stands in stark contrast to the treatment of Pearson in this regard. Defendant asks that condition 5 be deleted or amended.

Finally, defendant's personnel records (easily obtainable from his prior employment as a teacher and registered nurse) shows years of faithful service benefitting the public at large. He would like the opportunity to again benefit society in the future by service in education and medicine.

IV.

## CONCLUSION

Defendant asks that the Court grant his request for modification of the length, terms and conditions of his supervised release.

Respectfully submitted,

*Ronald C. Pearson*
Ronald C. Pearson
Reg. No. 36037-177
Federal Correctional Institution
P.O. Box 9000
Seagoville, TX   75159-9000

## AFFIRMATION

I affirm the above and foregoing is true and correct pursuant to 28 U.S.C. § 1746.

*Ronald C. Pearson*
Ronald C. Pearson

## CERTIFICATE (PROOF) OF SERVICE

I certify that on the 3rd day of September, 2009 I placed the original and suitable copies of Defendant's "Memorandum of Law in Support of Verified Motion and Request for Modification of Terms of Supervised Release" in the prison mailbox first class postage prepaid, and addressed to:

one (1) original and two (2) copies to:

>Clerk of the Court
>US District Court
>Northern District of Texas
>1100 Commerce Street
>Dallas, TX  75242-1699

AND

one (1) copy to:

>US Attorney's Office
>1100 Commerce Street
>3rd Floor
>Dallas, TX  75242

*Ronald C. Pearson*
Ronald C. Pearson