IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:06-CR-369-R(01) |
| | § | |
| RONALD C. PEARSON | § | **ECF** |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR
MODIFICATION OF SPECIAL TERMS OF SUPERVISED RELEASE**

The defendant, Ronald Pearson, once again petitions the Court to modify the terms and conditions of supervised release included in his sentence. Pearson requests that the Court exercise its discretion under 18 U.S.C. § 3583(e)(2) to delete or significantly modify six special conditions based on a change in his circumstances – specifically, the fact that following his conviction, including the time he has been incarcerated, he has undergone and successfully completed sex offender treatment and therapy. *See* Verified Motion for Modification of Special terms of Supervised Release (hereinafter "Defendant's Motion for Modification"), Dkt. No. 88, at 1-2; Defendant's Verified Memorandum of Law in Support of Request for Modification of Special Terms of Supervised Release (hereinafter "Defendant's Memorandum in Support"), Dkt. No. 89, at 3.

The United States respectfully maintains that Pearson's petition is, once again, premature, and should be denied. Pearson has not yet been released from custody, and it is simply not reasonable to conclude that special conditions reasonably imposed at sentencing to protect the public and help rehabilitate Pearson are no longer necessary or efficacious when he has not yet been subject to those conditions for even a day.

Pearson's petition is also not ripe for adjudication, at least to the extent the conditions he challenges will restrict his liberty only if and when, at some future date, his Probation Officer seeks to enforce the condition and either require him to submit to, or prohibit him from engaging in, specific behavior. As the government argued in opposition to Pearson's previous effort to modify his conditions of release, *see* United States' Response to Defendant's Second Motion and Request for Modification of Sentence, Dkt. No. 80, at 8-9, Pearson is challenging conditions that are not determinate at this point in time, but remain contingent on decisions to be made in the future by his Probation Officer or treatment provider.

## FACTS

In December 2006, Pearson was charged by a grand jury in this district with several counts of knowingly receiving and possessing child pornography in violation of 18 U.S.C. § 2252(a).  *See* Indictment, Dkt. No. 10.  Pearson subsequently pleaded guilty to one count in the indictment, *see* Dkt. No. 26, and this Court entered judgment on May 8, 2009, sentencing the defendant to a term of imprisonment of 70 months and lifetime supervision. Judgment, Dkt. No. 50.[1]   The Court's sentence included several special conditions of supervised release, including (1) that the defendant participate in sex offender treatment services as directed by his probation officer, which "may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community"; (2) that he not have any form of unsupervised contact with minors  under the age of 18 "at any location," including public places where minors frequent or congregate, without prior approval of his probation officer; (3) that he not possess nor have under his control or seek out "any pornographic, sexually oriented or sexually stimulating materials"; (4) that he not date or befriend anyone who has children under the age of 18, unless approved in advance by his probation officer; (5) that he not work as a teacher or tutor; and, (6) that he not work as a nurse or as a home health care worker without the probation officer's approval. *Id*. at 4.

---

[1]  This Court initially entered judgment against Pearson in December 2007.  *See* Judgment, Dkt. No. 43 (Dec. 21, 2007).  The Court reentered judgment some eighteen months later to allow Pearson to file an appeal of his conviction and sentence. *See* Dkt. No. 50 (May 8, 2009).

On May 15, 2009, the defendant appealed his conviction and sentence. Notice of Appeal, Dkt. No. 51.  In his appeal, Pearson argued, among other things, that the conditions of supervised release imposed were unconstitutionally overbroad and more severe than necessary.   Several months later, in September 2009, while his appeal was still pending, Pearson filed a motion with this Court seeking modification of a number of the conditions of supervised release. Verified Motion and Request for Modification of Terms of Supervised Release, Dkt. No. 63 (Sept. 9, 2009); Memorandum of Law in Support, Dkt. No. 64 (Sept. 9, 2009).  The Court denied Pearson's request two days later, holding that the motion was premature "as Defendant remains incarcerated."  Order, Dkt. No. 66.   Pearson filed an appeal of this Court's decision, *see* Notice of Appeal, Dkt. No. 68, which was dismissed later by the Fifth Circuit for want of prosecution.  *See* Order, *United States v. Pearson*, No. 09-10518 (5th Cir. Nov. 10, 2009), Dkt. No. 73.

In May 2010, the Fifth Circuit affirmed this Court's judgment of conviction and sentence. *See United States v. Pearson*, No. 09-10518 (5th Cir. May 13, 2010), Dkt. No.76.

On 17, 2011, Pearson filed a second motion asking this Court to modify the terms and conditions of supervised release included in the original sentence, this time seeking to invoke the Court's jurisdiction under 18 U.S.C. § 3583(e)(2).  See Defendant's Second Verified Motion and Request for Modification of Sentence Including Terms of Supervised Release, Dkt. No. 78.  In this motion, Pearson asked the Court to rescind several standard and special conditions of supervised release on the ground they were

unconstitutionally vague or constituted impermissible delegations of judicial authority, *see id*. § E, at 16-18; *id*. § F, at 18-21; *id* § I, at 32-34; and to modify the lifetime term of supervised release imposed and several specific conditions of supervision on the ground that, individually and together, they were more severe than necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a). *See id*. § B, at 8-11; *id*. § C, at 13; *id*. § H, at 21-27.

This Court subsequently denied Pearson's motion on the ground that it did not have jurisdiction under 18 U.S.C. 3583(e)(2) to grant the desired relief. Order, Dkt. No. 82 ( 12, 2011). The Court held that Pearson's several arguments effectively challenged the legality of the sentence imposed, which could be done only through a direct appeal or collateral attack on the sentence – not by means of a motion to modify the sentence under § 3583(e)(2). *Id*. at 3. *See United States v. Scallon*, 2012 WL 2106229, *3 (5th Cir. 2012)(holding that defendant's broad waiver in a written plea agreement of his right to appeal and contest his sentence in "any post-conviction proceeding" bars any challenge under section 3583(e)(2) to terms of supervised release that could have been brought on direct appeal or collateral attack).

Pearson presently is scheduled to be released from the Bureau of Prisons on November 12, 2012.

**LEGAL ARGUMENT**

Pearson has petitioned the Court to modify or rescind altogether six special conditions of supervised release imposed in his original sentence. Pearson argues that the proposed modifications are appropriate to take account of his change of circumstances, specifically, that following his conviction he has undergone extensive psychological testing and therapy and participated successfully in a sex offender treatment program, so that he represents a low risk of recidivism, and generally has "done everything possible since his plea of guilty and incarceration to prepare himself to reenter society as a law abiding citizen." *See* Defendant's Motion for Modification, *supra*, at 1-2 ; Defendant's Memorandum in Support, *supra*, at 2.

The government does not doubt the sincerity of Pearson's efforts toward rehabilitation, his belief that his course of treatment has equipped him to avoid reoffending, or his desire and intent to reenter society as a law-abiding citizen. He has, however, again jumped the gun. He asks the Court, now for a third time, to rescind or substantially modify important conditions of supervised release intended to ensure the safety of the community and assist him in reintegrating into society, where he will be confronted by opportunities to engage in unlawful conduct that in the not so distant past he was unable to resist. The government believes that, Pearson's sincerity and intentions notwithstanding, it is simply unreasonable to ask the Court to delete or significantly circumscribe these conditions before the defendant has been placed on supervised release

and demonstrated that they are unnecessary to meet the critical sentencing purposes for which they were imposed.

Under 18 U.S.C. § 3583(e), the sentencing court retains the power to modify the terms and conditions of supervised relief imposed at sentencing to "respond to changes in the defendant's circumstances and to new ideas and methods of rehabilitation." *See* Fed. R. Crim. P. 32.1(b) advisory committee note.[2]  Section 3583(e) vests the sentencing court with broad discretion to reduce, modify, or add conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release, . . . ." 18 U.S.C. § 3583(e)(2); *see United States v. Woods*, 547 F.3d 515, 519 n.4 (5th Cir. 2008)(quoting *United States v. Emerson*, 231 Fed. Appx. 349, 353 (5th Cir. 2007)).[3] Although the district has wide discretion, the conditions of supervised release it imposes must be reasonably related to the sentencing factors in 18 U.S.C. § 3553, cannot impose a greater deprivation of liberty than is reasonably necessary, and must be consistent with any pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(e); *see United*

---

[2] There is some authority suggesting that district courts lack the authority to modify supervised release conditions absent new or unforseen circumstances not known at sentencing. *See United States v. Murray*, 2011 U.S. Dist. Lexis 74278, *9-12 (W.D. Pa. 2011).  At least one circuit court has held to the contrary. *See United States v. Begay*, 631 F.3d 1168 (10th Cir. 2011).  For purposes of this motion, the government does not dispute that Pearson has demonstrated a sufficient change in circumstances to invoke the Court's jurisdiction under § 3583(e).

[3] Federal Rule of Criminal Procedure 32.1 is the proper procedural vehicle for seeking modification of the terms of supervised release.  Rule 32.1 authorizes a defendant to petition the sentencing court for a clarification of or change to the conditions of supervised release.  *See Emerson*, 231 Fed. Appx. at 353; *see also United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001)(citing *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir. 2000)); Fed. R. Crim. P. 32.1 advisory committee note ("The probationer should have the right to apply to the sentencing court for a clarification or change of conditions.").

*States v. Rodriquez*, 558 F.3d 408, 412-13 (5th Cir. 2009); *United States v. Buchanan*, 485 F.3d 274, 287-88 (5th Cir. 2007).

Pearson's petition to modify the terms and conditions of his supervision is premature as long as he remains in custody. Additionally, it is not certain at this point that the majority of the conditions he seeks to modify will in fact prove significant restrictions on his liberty. They are, therefore not ripe for adjudication.

### A.     Defendant's Motion Is Premature As Long As He Remains Incarcerated

Initially, Pearson's effort to have the six specified terms and conditions of supervised release modified before he has been released is logically premature. *See United States v. Goyette*, 446 Fed. Appx. 716, 717-18 (5th Cir. 2011); *see also United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997)(incarcerated defendant's objection to special condition is premature; any unfairness resulting from enforcement of the condition following defendant's release can be evaluated under section 3583(e) when it occurs). These six conditions were especially included by the Court in the sentence to meet at least two of the § 3553 sentencing factors: to protect the community from further offenses by the defendant, and to provide the defendant with needed care and treatment. *See* 18 U.S.C. § 3553(a)(2)(C), (D); *see also Rodriquez*, 558 F.3d at 412; *Buchanan*, 485 F.3d at 287-88. And numerous courts, including the Fifth Circuit, have upheld these and similar restrictions imposed on defendants convicted of possession of child pornography as reasonably related to the statutory sentencing purposes. *See United States v.*

*Buchanan*, 485 F. 3d 274, 287-88 (5th Cir. 2007)(upholding on plain error review restrictions on contact with minors, participation in mental health treatment, and prohibition on internet use); *United States v. Paul*, 274 F.3d 155, 165-66 (5th Cir. 2001)(upholding on plain error review restrictions on contact with minors, use of the internet, and possession of photographic equipment); *see also United States v. Sweeney*, 2011 U.S. Dist. Lexis 146219 (E.D. Va. 2011), at 2-4 (upholding conditions that defendant convicted of possession of child pornography participate in mental health treatment and have no unsupervised contact with minors)(citing cases); *United States v. Murray*, 2011 U.S. Dist. Lexis 74278 (W.D. Pa. 2011)(upholding request for modification by government to impose conditions on defendant convicted of possession of child pornography).

     Whatever therapy and treatment Pearson has received, he simply has not reentered the "real world" yet. He has not been in the presence of children or subject to the enticements he formerly found compelling, nor has he had the opportunity to reoffend. Until Pearson has been under supervised release, neither the Probation Officer, the Court or the government are in a position to know if his therapy and course of treatment, administered in a highly isolated, structured environment, have had the desired effect. Only after Pearson has been under supervised release for a sufficient period of time can the Court have a reasonable basis to conclude that special conditions imposed to protect the public and ensure his lawful reintegration into society are no longer necessary or an efficient means to meet these critical purposes.

**U.S. Opposition to Defendant's Verified Motion for**
**Modification of Special Terms of Supervised Release -- p. 9**

For this reason, the government believes the Court should deny Pearson's petition.

B.     Defendant's Petition Is Not Ripe For Adjudication

A majority of the conditions that Pearson asks the Court to modify or rescind are contingent on some future event, principally, a decision of the Probation Officer to enforce or not to enforce the condition. Because these conditions are not now determinate, they are not ripe for adjudication.

The ripeness doctrine is intended to "prevent the court, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements. Abbot Labs v. Gardner, 387 U.S. 136, 148 (1967). A claim is not "ripe" for adjudication "if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998)(quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)); *see United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). And it is the obligation of the party invoking the jurisdiction of the court – here, Pearson – to establish at the outset "that he has suffered a concrete and particularized injury; a conjectural one will not do." *United States v. Rhodes*, 552 F.3d 624 (7th Cir. 2009)(quoting *United States v. Schoenborn*, 4 F.3d 1424, 1434 (7th Cir. 1993)).

Initially, Pearson asks the Court to exclude from the condition that he participate in sex offender treatment services any requirement that he submit to the Abel test or to penile plethysmograph testing. Defendant's Motion for Modification, *supra*, at 2, ¶ 4;

Defendant's Memorandum in Support, *supra*, at 3-4.  In the condition at issue, however, this Court did not require that Pearson submit to these psycho-physiological tests.  The condition imposed by the Court provides that the designated sex offender treatment services "may include psycho-physiological testing to monitor the defendant's compliance, treatment progress, and risk to the community." *Id*.  Although this condition does not specifically identify who will make the decision to include these tests in the treatment services – presumably either the Probation Officer or the treatment provider designated by the Probation Officer – it is not certain today that psycho-physiological testing will be ordered as part of Pearson's treatment regimen, or that any such testing will include the two specific tests he seeks to avoid.  Because the condition is contingent on future events and decisions, the Fifth Circuit and other courts have held similar challenges to this requirement to be not ripe for review. *See United States v. Beeman*, 2012 WL 1860696, *1 (5th Cir. May 23, 2012)(per curiam)(citing *Carmichael*, 343 F.3d at 761-62); *United States v. Rios*, 2012 WL 1759014, *2 (5th Cir. May 17, 2012)(per curiam)(same); *United States v. Christian*, 344 Fed. Appx. 53, 56 (5th Cir. 2009)(same). *See also Rhodes*, 552 F.3d at 628; *United States v. Lee*, 502 F.3d 447, 449-451 (6th Cir. 2007).

  Pearson also seeks to narrow the condition that he have no unsupervised contact with minors, including in public places, without prior permission of the probation officer. *See* Defendant's Motion for Modification, *supra*, at 2-3; Defendant's Memorandum of Law, *supra*, at 5-6.  Again, the condition does not comprehensively prohibit Pearson from

having unsupervised contact with minors in the specified locations, including public places. It requires that Pearson first seek approval of the Probation Officer. Judgment, *supra*, at 4; *see also Christian*, 344 Fed. Appx. at 56. Pearson has come forward with no evidence indicating the Probation Office will unreasonably or arbitrarily withhold its approval, or will not, as some courts have done, interpret association restrictions to exclude incidental contact. *See United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001); *see also United States v. Oliphant*, 456 Fed. Appx. at 456, 459 (5th Cir. 2012)(district court did not abuse its discretion in imposing condition of supervised release prohibiting defendant with history of sex offenses from accessing any place where children "frequently congregate").[4]

Pearson next seeks to modify the condition prohibiting him from befriending or dating anyone who has children under the age of 18, unless approved in advance by the Probation Officer. Defendant's Motion for Modification, *supra*, at 3 ¶ 7; Defendant's Memorandum in Support, *supra*, at 7-8. Again, this condition allows Pearson to engage in the specified conduct, provided he first obtains Probation Officer approval. Thus, the restriction on his liberty Pearson fears may not come to pass. This claim, too, is unripe.

---

[4] In *United States v. Paul*, 274 F.3d 155 (5th Cir. 2001), the Fifth Circuit rejected overbreadth and vagueness challenges by a defendant convicted of possession of child pornography to a condition of supervised release prohibiting him from any direct or indirect contact with minors, and requiring that he avoid any places frequented by minors. The court concluded that "[t]hese restrictions are reasonably in light of the nature and circumstances of Paul's offense and the legitimate need to prevent recidivism and protect the public." 274 F.3d at 167.

**U.S. Opposition to Defendant's Verified Motion for**
**Modification of Special Terms of Supervised Release -- p. 12**

Lastly, Pearson seeks to modify the condition prohibiting him from working as a teacher or tutor, and a related condition prohibiting him from employment as a nurse or home health worker without the approval of the Probation Officer. He asks the Court to exempt from these prohibitions employment as a teacher or tutor for adults, or as a nurse or home health care worker for adult patients. Defendant's Motion for Modification, *supra*, at 4; Defendant's Memorandum in Support, *supra*, at 9. For the reasons stated above, this claim, too, is unripe. To begin with, Pearson admits that this condition will impose a restriction on him only if at some unspecified time in the future he should find that he needs "to supplement his income." Defendant's Motion, *supra*, at 3-4, ¶¶ 8-9. It is entirely possible, therefore, that this condition will never affect him and restrict his liberty interests. And, Pearson has offered no evidence or basis for the Court to believe that if and when that occasion arises, the Probation Officer will arbitrary withhold approval.

Pearson also asks the Court to modify the condition prohibiting him for possessing or having under his control any pornographic, sexually oriented or sexually stimulating materials. Pearson seeks to exclude from this broad prohibition "mainstream" adult materials. Defendant's Motion for Modification, *supra*, at 3 ¶ 6; Defendant's Memorandum in Support, *supra*, at 6-7. The broad restriction enforced by this condition has repeatedly been upheld by courts as reasonably related to the goals of protection of the public and rehabilitation of the defendant. *See United States v. Miller*, 665 F.3d 114, 135-36 (5th Cir. 2011); *United States v. Boston*, 494 F.3d 660, 668 (8th Cir.2007); *United*

*States v. Riley*, 342 Fed. Appx. 315, 319 (9th Cir. 2009); *United States v. Shwaryk*, 448 Fed. Appx. 106, 108 (2d Cir. 2011).

    For the reasons stated above, the government respectfully requests that the Court deny Pearson's renewed attempt to prematurely modify his terms and conditions of supervised release.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


   /s/ Paul Yanowitch
Assistant United States Attorney
Illinois Bar No. 6188269
1100 Commerce Street, Third Floor
Dallas, Texas  75242
Telephone:  214.659.8600
Facsimile:  214.659.8618
paul.yanowitch@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June 2012, a true and correct copy of the foregoing Government's Opposition to Defendant's Verified Motion for Modification of Special Conditions of Supervised Release, was served by first-class mail on the defendant, appearing pro se, at the following address:

> Ronald Pearson
> Reg. No. 36037-177
> Federal Correctional Institution - Seagoville
> P.O. Box 9000
> Seagoville, TX 75159-9000

        /s/ Paul Yanowitch
Assistant United States Attorney