IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA       §
                               §
vs.                            §   CRIMINAL No. 3:06-CR-369-O(01)
                               §
RONALD C. PEARSON              §
                               §   ECF

## REPLY TO "UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SPECIAL TERMS OF SUPERVISED RELEASE"

COMES NOW Defendant pro se and replies to the Government's "United States' Response to Defendant's Motion For Modification of Special Terms of Supervised Release" as follows:

1). The Government in its response to Pearson's Verified Motion for Modification of Special Terms of Supervised Release candidly admitted and conceded that "The government does not doubt the sincerity of Pearson's efforts toward rehabilitation, his belief that his course of treatment has equipped him to avoid reoffending, or his desire and intent to reenter society as a law-abiding citizen."

2). That the Government's only objection to modification or deletion of special terms 1, 2, 3, 4, 5 and 6 is that "Defendant's Motion is premature as long as he is incarcerated" and "is not ripe for adjudication" (Response page 10).

3). That the issue of "ripeness" was decided in the

dispository holding in <u>Pearson v. Holder</u>, 624 F.3d 682 (5th Circuit 2010) where the 5th Circuit held that:

> "Even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness. Failure to resolve this case now could be harmful to Pearson."
>
> "Most cases in which prisoners' supervised releases were held to be unripe involved situations in which the remaining duration of the sentence was longer than Pearson's".

4). As a matter of fact, Pearson will be released Friday, June 22, 2012 to halfway house and thus the prosecutor's objection will be moot. His new address will be Texas Residential Re-Entry Center 800 W. Wintergreen Road, Hutchins, TX 75141.

5). Pearson thus requests and believes that a hearing under Fed.R.Crim.P. 32.1 would be helpful to the Court in deciding whether Pearson's conditions should be modified or deleted.

Respectfully submitted,

*/s/ Ronald Pearson*
Ronald Pearson
Texas Re-Entry Center
800 N. Wintergreen Road
Hutchins, TX  75141

## CERTIFICATE (PROOF) OF SERVICE

I hereby certify that on this 21st day of June, 2012 I deposited the original and suitable copies of Defendant's "Reply to United States Response to Defendant's Motion for Modification of Special Terms of Supervised Release" in the prison institutional legal mail system, first-class postage prepaid, addressed to:

One (1) original and two (2) copies to:

    Clerk of Court
    U.S. District Court
    for the Northern District of Texas
    Dallas Division
    1100 Commerce Street
    Dallas, Texas 75242

AND

One (1) copy to:

    U.S. Attorney's Office
    for the Northern District of Texas
    Dallas Division
    1100 Commerce Street
    Dallas, Texas 75242

_Ronald C. Pearson_
Ronald C. Pearson

Case 3:06-cr-00369-O   Document 93   Filed 06/26/12   Page 4 of 4   PageID 748



RECEIVED
JUN 26 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Clerk, U.S. District Court
Northern District of Texas
Earle Cabell Federal Building
1100 Commerce Street
Dallas, Texas 75242

Ronald L. Person
36037-177
F.C.I.
P.O. Box 9000
Seagoville, TX
75159-9000