IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 3:06-CR-369-O |
| | § | |
| RONALD C. PEARSON, | § | |
| Defendant. | § | |

## MEMORANDUM IN SUPPORT OF REPLY TO U.S. RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SPECIAL TERMS OF SUPERVISED RELEASE

This case involves a simple request by a Defendant, (now out of prison and living at a halfway house in preparation for returning to his family home in Garland Texas) to have the sentencing Court review 6 of his Special Conditions of Supervised Release based upon the statutory authority given the Court by Congress in 18 U.S.C. § 3583 and the Defendant's change of circumstance.

The Government has recognized and acknowledged that "The Government does not doubt the sincerity of Pearson's effort toward rehabilitation, his belief that his course of treatment has equipped him to avoid reoffending, or his desire and

intent to reenter society as a law abiding citizen." (Government's Response p.6). Further, at p.7 of the Government's Response, the prosecutor states, "the Government does not dispute that Pearson has demonstrated a sufficient change in circumstances to invoke the Court's jurisdiction under § 3583(e)."

Under Fed.R.Crim.P., Rule 32.1(b) Advisory Committee note, the committee recognized that the sentencing court retains the power to modify the terms and conditions of supervised relief "to respond to changes in the Defendant's circumstances and the new ideas and methods of rehabilitation."

The 10th Circuit in U.S. v. Begay, 631 F.3d 1168 (10th Cir. 2011) held that District Courts have authority to modify supervised release conditions. The Fed.R.Crim.P., Rule 32.1 Advisory Committee noted "The probationer should have the right to apply to the sentencing court for a clarification or change of conditions."

U.S. v. Goyette, 446 Fed. Appx. 716-718 (5th Cir. 2011) and U.S. v. Amer, 110 F.3d 873, 884 (2nd Cir. 1997) and other cases cited by the Government are not relevant and may be distinguished in that the Defendant's motion is not premature as the Defendant is now out of prison and subject to all the conditions of supervised release. The Government's objection that "Whatever therapy and treatment he received, he simply has not reentered the 'real world' yet." In fact Pearson has reentered the real world and must comply with all special conditions.

Further, the Government's second argument, even though it acknowledges Pearson's change of circumstances sufficient to invoke the jurisdiction of the Court, is that the Petitioner's claims are not ripe for adjudication. That issue was dealt with correctly in the 5th Circuit in <u>U.S. v. Pearson</u>, 624 F.3d 682 (5th Cir. 2010) where the Court held that "Based on our de novo review, we disagree with the district court's conclusion that this case is not ripe. Pearson has shown that he 'has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or injury [is] both real and immediate, not conjectural or hypothetical.' When determining ripeness, we must balance the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration. Both of these factors weigh in favor of Pearson." <u>Pearson v. Holder</u>, 624 F.3d 682, 683-684 (5th Cir. 2010). "Other circuits have held that prisoners need not wait until completion of their sentences to challenge their supervised release, and we have implied as much." [<u>Pearson</u>, Id.] See <u>U.S. v. Loy</u>, 237 F.3d 251 (3rd Cir,. 2001); <u>U.S. v. Zinn</u>, 321 F.3d 1084 (11th Cir. 2003); <u>U.S. v. Paul</u>, 274 F.3d 155 (5th Cir. 2001).

In the end, the question is not whether the Court has the power to order each of the conditions from which Pearson seeks review. All conditions contained in Pearson's original sentence are of course both Constitutional and legally imposed. The question is rather, have circumstances in Pearson's life changed due to his experiences while

incarcerated and the treatment he participated in, so that the strict imposition of these conditions is no longer the least restrictive alternative necessary to protect the public from the danger that he will reoffend?  Pearson submits that the Government has admitted his change of circumstances.  He requests a hearing under Fed.R.Crim.P., Rule 32.1 so that he can demonstrate on the record his remorse, acceptance of responsibility, and change of personal circumstance so as to merit the Court's exercise of discretion on his behalf.

        Respectfully submitted,

*Ronald C. Pearson* (signature)

Ronald C. Pearson
Texas Residential
Re-Entry Center
800 N. Wintergreen Road
Hutchins, Texas  75141

## CERTIFICATE (PROOF) OF SERVICE

I hereby certify that on this 21ˢᵗ day of June, 2012 I deposited the original and suitable copies of Defendant's "Memorandum in Support Reply to U.S. Response to Defendant's Motion for Modification of Special Terms of Supervised Release" in the prison institutional legal mail system, first-class postage prepaid, addressed to:

One (1) original and two (2) copies to:

>Clerk of Court
>U.S. District Court
>for the Northern District of Texas
>Dallas Division
>1100 Commerce Street
>Dallas, Texas   75242

AND

One (1) copy to:

>U.S. Attorney's Office
>for the Northern District of Texas
>Dallas Division
>1100 Commerce Street
>Dallas, Texas   75242

_Ronald C. Pearson_
Ronald C. Pearson