IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:06-CR-369-O |
| ) | |
| RONALD C. PEARSON ) | |

ORDER

Came on to be considered Ronald C. Pearson's Verified Motion for Modification of Special Terms of Supervised Release (Doc. No. 88), the government's response, and Pearson's reply, and the Court finds and orders as follows:

Pearson asks the court to modify six of the nine Special Conditions of Release set forth in the Court's judgment at Doc. No. 43, p. 4. The modifications sought by Pearson are as follows:

1.  exclude Abel testing and penile plethysmograph examination from the first Special Condition;

2.  exclude any restriction on casual contact with minors in public from the second Special Condition;

3.  exclude any restriction on the possession of mainstream adult literature and adult heterosexual erotic materials from the third Special Condition;

4.  delete the fifth Special Condition which prohibits dating or befriending anyone with children under the age of 18 unless approved in advance by the U.S. Probation Officer;

5.  modify the eighth Special Condition, which prohibits work as a teacher or tutor, to allow him to teach or tutor adults, and;

6.  modify the ninth Special Condition, which prohibits employment as a nurse or home health care worker without the probation officer's approval, to allow him to provide these services for adults.

Defendant's Motion at pp. 2-4. Pearson seeks the modifications based upon his claims of changed circumstances in his life and a small likelihood of recidivism. *Id.* at p. 2. Specifically, Pearson states that he has made the best use of his time in prison by participating in psychological treatment and therapy through the Federal Sex Offender Treatment Program and the Federal Victim Impact Program. *Id.* at pp. 1-2; Defendant's Exhibits A, B & C. He also cites his clear institutional record as evidenced by his most recent progress report. Defendant's Exhibit D.

In response to his motion, the Government argues that Pearson's request for modification of his special conditions of supervision is premature because he remains incarcerated and is not yet subject to the special conditions. The Government further argues that Pearson seeks to challenge conditions that are contingent on decisions to be made by his Probation Officer or treatment provider in the future and that, until Pearson is released on supervision, neither the Probation Officer, the Court, nor the Government are in a position to determine whether Pearson's therapy and treatment will have the desired effect such that modification of the special conditions might be appropriate.

In his reply to the Government's response, Pearson argues that the issue of ripeness was decided in his favor in *Pearson v. Holder*, 624 F.3d 682 (5th Cir. 2010) and that the issues set forth in the instant motion are ripe for adjudication under the Fifth Circuit's decision in that case. The issue in *Pearson* was a constitutional challenge to the application of the Sex Offender Registration and Notification Act and state sex-offender laws on the ground that they unlawfully included defendants convicted of receiving images of child pornography as "sex offenders." Ronald Pearson brought this claim while still incarcerated. The district court dismissed the claim as

premature because Pearson remained incarcerated and was not yet subject to sex-offender registration requirements. The Fifth Circuit determined that the constitutional challenge was ripe for consideration by the Court because Pearson had demonstrated that he was "immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury [was] both real and immediate, not conjectural or hypothetical." *Pearson*, 624 F.3d at 684 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)). The Court noted that issues are typically deemed ripe when they would not benefit from any further factual development. *Pearson*, 624 F.3d at 684. It cited the inevitability of the sex-offender registration requirement as a factor weighing in favor of ripeness. *Id.* The Court further found that Pearson had demonstrated "some hardship" as required to establish ripeness because he was near his release date and "could suffer harm if his claims [were] not adjudicated as soon as practicable." *Id.* at 685.

The claims set forth in the instant case are distinguishable from those in Pearson's earlier case. In the instant case, Pearson challenges the special conditions imposed by the Court upon his release rather than the constitutionality of statutes. Four of the six special conditions that Pearson asks the Court to modify (Nos. 1, 2, 4 & 6 above) are imposed with a provision for modification or allowance at the Probation Officer's discretion. At this time, it is speculative as to whether Pearson will actually be subjected to those special conditions. With respect to these conditions, Pearson cannot show immediate danger of sustaining some injury nor can he show any hardship

at this time.  If the conditions are unfairly imposed upon him by his Probation Officer, Pearson is free to return to Court and seek relief.  However, these requests are not ripe at this time.[1]

In his third request for modification, Pearson asks the Court to exclude any restriction on the possession of mainstream adult literature and adult heterosexual erotic materials from the third Special Condition which prohibits generally the possession of pornographic materials.  In his fifth request for modification, Pearson asks that the eighth Special Condition, which prohibits work as a teacher or tutor, be modified to allow him to teach or tutor adults.  Although these special conditions have no provision for modification by the Probation Officer, the Court finds that, in light of the nature of his offense, the prohibitions on pornographic materials and work as a teacher or tutor do not constitute the sort of "injury" or "hardship" envisioned by the Fifth Circuit which would weigh in the favor of ripeness at this time.  Until Pearson is released and assessments can be made as to the extent of his rehabilitation, the Court does not have enough information upon which to consider modifying these conditions.  Because more factual information relating to these requested modifications would be necessary, the claims are not ripe for consideration.

Even assuming *arguendo* that these two claims are ripe for consideration, these special conditions serve to protect the community from further offenses by Pearson and to assist in

---

[1] *See United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003) (challenge to condition of supervised release that may never be imposed dismissed for lack of jurisdiction because it was a "matter of conjecture" as to whether the condition would actually be imposed); *United States v. Christian*, 344 Fed. Appx. 53, 2009 WL 2840753 (5th Cir. Sept. 4, 2009) (finding challenge to special conditions of supervised release not ripe while defendant was still incarcerated and where probation officer was given discretion to modify the conditions); *United States v. Rios*, 2012 WL 1759014 (5th Cir. May 17, 2012) (same);*United States v. Beeman*, 2012 WL 1860696 (5th Cir. May 23, 2012) (same).

providing him with needed care and treatment. As such, these two special conditions are reasonably related to the statutory sentencing purposes and, at this time, will not be modified.

For the foregoing reasons, the Verified Motion for Modification of Special Terms of Supervised Release (Doc. No. 88) is DENIED.

The Clerk of Court shall transmit copies of this order to Counsel for the United States and to the Defendant, Ronald C. Pearson.

SO ORDERED this 20th day of August, 2012.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**